State of Nebraska, appellee, v.
Mark S. Filholm, appellant.
___ N.W.2d ___

Filed March 28, 2014.    No. S-12-759.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of
ineffective assistance of counsel is a mixed question of law and fact. When
reviewing a claim of ineffective assistance of counsel, an appellate court reviews
the factual findings of the lower court for clear error. With regard to the questions
of counsel's performance or prejudice to the defendant as part of the two-pronged
test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.
Ed. 2d 674 (1984), an appellate court reviews such legal determinations indepen-
dently of the lower court's decision.

2. **Criminal Law: Evidence: Appeal and Error.** In reviewing a sufficiency of the
evidence claim, whether the evidence is direct, circumstantial, or a combination
thereof, the standard is the same: An appellate court does not resolve conflicts in
the evidence, pass on the credibility of witnesses, or reweigh the evidence; such
matters are for the finder of fact. The relevant question for an appellate court is
whether, after viewing the evidence in the light most favorable to the prosecution,
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.

3. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel
is different from his or her counsel on direct appeal, the defendant must raise on
direct appeal any issue of trial counsel's ineffective performance which is known
to the defendant or is apparent from the record. Otherwise, the issue will be pro-
cedurally barred.

4. **Effectiveness of Counsel: Records: Appeal and Error.** The fact that an inef-
fective assistance of counsel claim is raised on direct appeal does not necessarily
mean that it can be resolved. The determining factor is whether the record is suf-
ficient to adequately review the question.

5. **Appeal and Error.** An alleged error must be both specifically assigned and spe-
cifically argued in the brief of the party asserting the error to be considered by an
appellate court.

6. ____. A generalized and vague assignment of error that does not advise an appel-
late court of the issue submitted for decision will not be considered.

7. ____. An argument that does little more than to restate an assignment of error
does not support the assignment, and an appellate court will not address it.

8. **Effectiveness of Counsel: Proof: Appeal and Error.** An appellant must make
specific allegations of the conduct that he or she claims constitutes deficient per-
formance by trial counsel when raising an ineffective assistance claim on direct
appeal. General allegations that trial counsel performed deficiently or that trial
counsel was ineffective are insufficient to raise an ineffective assistance claim on
direct appeal and thereby preserve the issue for later review.

9. **Trial: Effectiveness of Counsel: Evidence: Appeal and Error.** An ineffective
assistance of counsel claim will not be addressed on direct appeal if it requires an
evidentiary hearing.

10. **Effectiveness of Counsel: Postconviction: Appeal and Error.** In the context of direct appeal, like the requirement in postconviction proceedings, mere conclusions of fact or law are not sufficient to allege ineffective assistance of counsel.

11. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order.

12. **Effectiveness of Counsel**: **Proof.** To show prejudice on a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.

13. **Judgments: Appeal and Error.** A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.

Petition for further review from the Court of Appeals, Inbody, Chief Judge, and Irwin and Riedmann, Judges, on appeal thereto from the District Court for Lancaster County, Karen B. Flowers, Judge. Judgment of Court of Appeals affirmed as modified.

Peter K. Blakeslee for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Cassel, J.

## I. INTRODUCTION

Mark S. Filholm was convicted and sentenced for first degree sexual assault. On direct appeal, Filholm raised seven claims of ineffective assistance of trial counsel. The Nebraska Court of Appeals found three of his claims to be without merit for failure to allege prejudice.[1] We granted further review primarily to address whether, on direct appeal, allegations of prejudice are required to assert claims of ineffective assistance of trial counsel. Because resolution of such claims turns upon

---

[1] *State v. Filholm*, No. A-12-759, 2013 WL 4518211 (Neb. App. Aug. 27, 2013) (selected for posting to court Web site).

the sufficiency of the record, specific allegations of the deficient conduct are required. But allegations of prejudice are not necessary on direct appeal. In these three instances, the record is not sufficient to review the claim. We modify the Court of Appeals' decision accordingly, and as so modified, we affirm the court's decision.

## II. BACKGROUND

The charges against Filholm arose out of the sexual assault of A.B. in her home in the early morning of June 25, 2011. The jury returned a verdict finding Filholm guilty of first degree sexual assault, and he appealed. Although he had been represented by counsel from the Lancaster County public defender's office at trial, Filholm obtained different appellate counsel.

On appeal, Filholm claimed that he received ineffective assistance of counsel at trial in seven respects. He claimed that his trial counsel was ineffective for failing to (1) consult and present the testimony of a DNA expert witness and effectively cross-examine the State's expert witness, (2) obtain video surveillance footage from a bar and interview two witnesses who could establish his presence at that bar on the night of the assault, (3) file a motion for new trial alleging juror misconduct, (4) call witnesses who could explain the presence of A.B.'s DNA on his fingers, (5) object to improper refreshing of a witness' recollection at trial, (6) move for mistrial when two of the State's witnesses used the term "victim," and (7) file a motion in limine to prevent use of the term "rape" and take appropriate measures when the term was used at trial.

The Court of Appeals rejected Filholm's ineffective assistance of counsel claims. In several instances, the court concluded either that his claims were without merit or that the record was insufficient for review. However, as to three of his claims, the court found his allegations "to be insufficient because he fails to allege how he was prejudiced by his counsel's performance."[2]

---

[2] *Id.* at *7.

Filholm further alleged that his conviction was not supported by sufficient evidence. The Court of Appeals rejected this claim and affirmed his conviction and sentence.

Filholm petitioned for further review, which we granted. We directed the parties to file supplemental briefs on the necessary specificity for allegations of prejudice in ineffective assistance of counsel claims made on direct appeal. After supplemental briefs were filed, we heard oral arguments.

### III. ASSIGNMENTS OF ERROR

Filholm assigns, reordered, that the Court of Appeals erred in (1) finding that he was not denied effective assistance of counsel and (2) finding that his conviction was supported by sufficient evidence.

### IV. STANDARD OF REVIEW

[1] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[3] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[4] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[5] an appellate court reviews such legal determinations independently of the lower court's decision.[6]

[2] In reviewing a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: An appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact. The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have

---

[3] *State v. Davlin*, 277 Neb. 972, 766 N.W.2d 370 (2009).

[4] *Id*.

[5] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[6] *Davlin, supra* note 3.

found the essential elements of the crime beyond a reasonable doubt.[7]

## V. ANALYSIS

### 1. Ineffective Assistance of Counsel

[3] Filholm assigns that the Court of Appeals erred in rejecting his ineffective assistance claims, which he was required to raise on direct appeal. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.[8] Although Filholm suggested at oral argument that we should abandon this rule, we decline to do so. Thus, because Filholm obtained new counsel on direct appeal, he was required to raise those claims of ineffective assistance known to him or apparent from the record in order to preserve them for review.

As noted above, Filholm alleged that his trial counsel was ineffective in seven ways. The Court of Appeals found that three of these claims lacked merit for failure to allege prejudice.

We granted further review primarily to address whether, on direct appeal, allegations of prejudice are required to assert claims of ineffective assistance of trial counsel. The proposition that, on direct appeal, an appellant is required to allege prejudice when claiming ineffective assistance of trial counsel appears to have originated from the Court of Appeals' holding in *State v. Derr*.[9]

In *Derr*, David A. Derr's direct appeal assigned as error several general allegations of ineffective assistance of trial counsel. Derr's brief confessed that it presented no argument, but merely asserted that the record was insufficient to address the claims. The court's opinion stated that "Derr [did] not

---

[7] *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013).

[8] *State v. Ramirez*, 284 Neb. 697, 823 N.W.2d 193 (2012).

[9] *State v. Derr*, 19 Neb. App. 326, 809 N.W.2d 520 (2011).

allege how any of trial counsel's actions prejudiced him."[10] But the opinion also stated that Derr "failed to allege that any of counsel's actions prejudiced him or, stated another way, did not sufficiently allege his ineffective assistance of counsel claims."[11] The Court of Appeals concluded that Derr's failure "constrained [it] to find that Derr's assertions of ineffective assistance of counsel [were] without merit."[12] The Court of Appeals has cited *Derr* in two subsequent cases, *State v. Kays*[13] and *State v. Warrack*,[14] for the proposition that an appellant must specifically allege prejudice when claiming ineffective assistance of counsel on direct appeal.

To the extent that the Court of Appeals spoke of Derr's failure to allege prejudice, it was incorrect. We reject the proposition that an appellant is required on direct appeal to allege prejudice when claiming ineffective assistance of trial counsel. We therefore disapprove *State v. Kays*[15] and *State v. Warrack*[16] to the extent they support such a proposition, and we disapprove *State v. Derr*[17] to the extent it has been applied to that effect. Rather, an appellant must make specific allegations of trial counsel's deficient performance.

[4] On direct appeal, the resolution of ineffective assistance of counsel claims turns upon the sufficiency of the record. We have often said that the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. The determining factor is whether the record is sufficient to adequately review the question.[18] We have held in countless cases that the record on direct appeal was insufficient for assessing ineffective assistance of counsel

---

[10] *Id.* at 329, 809 N.W.2d at 522.

[11] *Id.* at 327, 809 N.W.2d at 521-22.

[12] *Id.* at 327, 809 N.W.2d at 522.

[13] *State v. Kays*, 21 Neb. App. 376, 838 N.W.2d 366 (2013).

[14] *State v. Warrack*, 21 Neb. App. 604, 842 N.W.2d 167 (2014).

[15] *Kays, supra* note 13.

[16] *Warrack, supra* note 14.

[17] *Derr, supra* note 9.

[18] *State v. Watt*, 285 Neb. 647, 832 N.W.2d 459 (2013).

claims.[19] This is because the trial record reviewed on appeal is "devoted to issues of guilt or innocence" and does not usually address issues of counsel's performance.[20]

However, in those cases where we determined that the record on direct appeal was sufficient to address a claim of ineffective assistance of trial counsel, the record itself either affirmatively proved or rebutted the merits of the claim. We found the record established either that trial counsel's performance was not deficient,[21] that the appellant could not establish prejudice,[22] or that trial counsel's actions could not be justified as a part of any plausible trial strategy.[23] Thus, it is not an

---

[19] See, e.g., *Watt, supra* note 18; *State v. McClain*, 285 Neb. 537, 827 N.W.2d 814 (2013); *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013); *State v. Huston*, 285 Neb. 11, 824 N.W.2d 724 (2013); *State v. Freemont*, 284 Neb. 179, 817 N.W.2d 277 (2012); *State v. Nolan*, 283 Neb. 50, 807 N.W.2d 520 (2012), *cert. denied* ___ U.S. ___, 133 S. Ct. 158, 184 L. Ed. 2d 78; *State v. Pullens*, 281 Neb. 828, 800 N.W.2d 202 (2011); *State v. Seberger*, 279 Neb. 576, 779 N.W.2d 362 (2010); *State v. Sellers*, 279 Neb. 220, 777 N.W.2d 779 (2010); *State v. Robinson*, 278 Neb. 212, 769 N.W.2d 366 (2009); *State v. Davis*, 276 Neb. 755, 757 N.W.2d 367 (2008); *State v. Jones*, 274 Neb. 271, 739 N.W.2d 193 (2007); *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243 (2006); *State v. Moyer*, 271 Neb. 776, 715 N.W.2d 565 (2006); *State v. Molina*, 271 Neb. 488, 713 N.W.2d 412 (2006); *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005); *State v. King*, 269 Neb. 326, 693 N.W.2d 250 (2005); *State v. Brown*, 268 Neb. 943, 689 N.W.2d 347 (2004); *State v. Cook*, 266 Neb. 465, 667 N.W.2d 201 (2003); *State v. Leibhart*, 266 Neb. 133, 662 N.W.2d 618 (2003); *State v. Kelley*, 265 Neb. 563, 658 N.W.2d 279 (2003); *State v. Long*, 264 Neb. 85, 645 N.W.2d 553 (2002); *State v. McLemore*, 261 Neb. 452, 623 N.W.2d 315 (2001); *State v. Hittle*, 257 Neb. 344, 598 N.W.2d 20 (1999).

[20] *Massaro v. United States*, 538 U.S. 500, 505, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). See, also, *State v. Young*, 279 Neb. 602, 780 N.W.2d 28 (2010).

[21] See, e.g., *Nolan, supra* note 19; *State v. Hubbard*, 267 Neb. 316, 673 N.W.2d 567 (2004).

[22] See, e.g., *State v. Morgan*, 286 Neb. 556, 837 N.W.2d 543 (2013); *Watt, supra* note 18; *Hubbard, supra* note 21; *State v. Cody*, 248 Neb. 683, 539 N.W.2d 18 (1995).

[23] See, e.g., *State v. Rocha*, 286 Neb. 256, 836 N.W.2d 774 (2013); *State v. Faust*, 265 Neb. 845, 660 N.W.2d 844 (2003), *disapproved on other grounds, State v. McCulloch*, 274 Neb. 636, 742 N.W.2d 727 (2007).

appellant's allegations of prejudice that have guided our review of ineffective assistance claims on direct appeal, but the allegations of deficient conduct.

[5-8] Filholm was required to specifically assign and argue his trial counsel's allegedly deficient conduct. This arises from a fundamental rule of appellate practice. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[24] A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.[25] Similarly, an argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it.[26] It naturally follows that on direct appeal, an appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance. We therefore hold that an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review.

[9,10] Although our case law makes clear that specific allegations of prejudice are required within the context of postconviction relief,[27] we view such a requirement on direct appeal as a waste of time and resources. As we have noted, the trial record on appeal is devoted to issues of guilt or innocence, not counsel's performance. Thus, to require an appellant to allege prejudice from ineffective assistance on

---

[24] *State v. Eagle Bull*, 285 Neb. 369, 827 N.W.2d 466 (2013).

[25] *State v. Pereira*, 284 Neb. 982, 824 N.W.2d 706 (2013).

[26] *Id.*

[27] See, e.g., *State v. Baker*, 286 Neb. 524, 837 N.W.2d 91 (2013); *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008); *State v. Harris*, 274 Neb. 40, 735 N.W.2d 774 (2007).

direct appeal would require him or her to allege facts in detail that are likely not within the appellate record or known to the defendant without further inquiry. And an ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing.[28] We therefore see no justification for requiring an appellant to allege prejudice when claiming ineffective assistance of trial counsel on direct appeal. That said, we emphasize that in the context of direct appeal, like the requirement in postconviction proceedings, mere conclusions of fact or law are not sufficient.[29] Because Filholm was required to raise those claims of ineffective assistance known to him or apparent from the record, specific allegations were required.

We now turn to the merits of Filholm's ineffective assistance of counsel claims. However, before conducting our analysis, we recall several general principles pertaining to ineffective assistance of counsel.

[11,12] The test for ineffective assistance of counsel is well settled. To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[30] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[31] An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order.[32] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[33]

### (a) Insufficient Allegations

The Court of Appeals found that three of Filholm's ineffective assistance of counsel claims lacked merit for failure to

---

[28] *Watt, supra* note 18.

[29] See *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002).

[30] *Strickland, supra* note 5.

[31] *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013).

[32] *Id*.

[33] *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

allege prejudice. These claims include that his trial counsel was ineffective for failing to (1) consult and present the testimony of a DNA expert witness and to effectively cross-examine the State's expert witness, (2) obtain video surveillance footage from a bar and interview two witnesses who could establish his presence at that bar on the night of the assault, and (3) file a motion for new trial alleging juror misconduct. The Court of Appeals correctly determined that Filholm was not entitled to relief on these issues on direct appeal.

[13] But based upon our holding above, we conclude that the Court of Appeals erred in reasoning that they failed because of insufficient allegations of prejudice. Rather, the record was insufficient to resolve these claims. A correct result will not be set aside merely because the lower court applied the wrong reasoning in reaching that result.[34]

The State argues that trial counsel could not be deficient for failing to file a motion for new trial if Filholm did not tell counsel, or allege that he told counsel, about his familiarity with a juror in time for trial counsel to file a timely motion. Filholm's complaint was raised on the record only at sentencing. But the record does not disclose when Filholm raised the matter with trial counsel. Thus, the record is not sufficient to address this claim on direct appeal.

In finding the record to be insufficient to address these claims, we make no comment whether these allegations of ineffective assistance would be sufficient to require an evidentiary hearing in the context of a motion for postconviction relief. We simply decline to reach these claims on direct appeal because the record is insufficient to do so.[35] We modify the Court of Appeals' decision on those three claims to reflect that the record is insufficient to address them.

### (b) Insufficient Record

The Court of Appeals determined that the record was insufficient to resolve Filholm's claim that his trial counsel was ineffective for failing to interview witnesses who could have

---

[34] See *State v. Chiroy Osorio*, 286 Neb. 384, 837 N.W.2d 66 (2013).

[35] See *Morgan, supra* note 22.

placed him in A.B.'s home and in her car on June 24, 2011, prior to the sexual assault in the early morning of June 25, and thereby explain the presence of her DNA on his fingers. We agree that the record is insufficient to resolve this claim.

### (c) Remaining Claims

#### (i) Refreshing of Recollection

Filholm alleges that his trial counsel was ineffective for failing to object to the refreshing of a witness' recollection at trial. The Court of Appeals determined that Filholm could not establish prejudice from this claim, and we agree.

#### (ii) Use of Term "Victim"

Filholm asserts that his trial counsel was ineffective for failing to move for a mistrial after two of the State's witnesses used the term "victim" despite an order in limine prohibiting them from doing so. The Court of Appeals rejected this claim because it concluded that Filholm's trial counsel did not perform deficiently. We find no error in its analysis on this issue.

#### (iii) Use of Term "Rape"

Finally, Filholm alleges that his trial counsel was ineffective for failing to take three actions with respect to the term "rape." First, he claims that his trial counsel failed to include the term within his motion in limine. Second, he claims that his trial counsel failed to make a hearsay objection to A.B.'s statement at trial that Filholm had raped her. Third, he argues that his trial counsel failed to move to strike A.B.'s statement.

The Court of Appeals found that Filholm did not establish prejudice from his trial counsel's failure to include the term "rape" within his motion in limine, and we agree. Although the State argues that the court found insufficient allegations of prejudice on this issue, we read the court's opinion as rejecting the claim on the merits. The court also concluded that Filholm's trial counsel did not perform deficiently in failing to make a hearsay objection to A.B.'s statement or in failing to move to strike her statement. As these actions would have ultimately been unsuccessful, we see no error in the Court

of Appeals' conclusion that Filholm did not receive ineffective assistance.

## 2. Insufficient Evidence

Filholm assigns that there was insufficient evidence to support his conviction. We disagree. As we have already noted, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found Filholm guilty of the crime beyond a reasonable doubt.[36]

Filholm was charged with first degree sexual assault under Neb. Rev. Stat. § 28-319(1)(a) (Reissue 2008). Under that statute, a person commits the offense if he or she subjects another person to sexual penetration without that person's consent. The elements of penetration and absence of consent were undisputed at trial. Thus, this assignment of error turns on whether the State presented sufficient evidence to permit a rational jury to conclude beyond a reasonable doubt that Filholm was the man who sexually assaulted A.B.

A man entered A.B.'s home in the early morning of June 25, 2011, and awoke her by touching her face. The man's face was covered with a blanket, but he had a beard and smelled like cigarettes. Filholm admittedly had "sort of a goatee" and smelled strongly of cigarettes when he was apprehended by police.

The man removed A.B.'s clothing, digitally penetrated her, performed oral sex on her, and had sexual intercourse with her. He spoke during the assault, and A.B. recognized the voice as Filholm's because she had known him for several years. He then forced her to shower and washed out her mouth and vaginal area. When Filholm was found, his clothing was "significantly wet," but not in a way that was consistent with having urinated himself.

The man left just shortly before A.B.'s family returned from the family's restaurant. Filholm had visited the restaurant sometime that night and, thus, knew that A.B. was most likely at home alone. Although the timing of his visit was

---

[36] See *Castillas, supra* note 7.

subject to conflicting evidence, the jury was presented with sufficient evidence from which it could conclude that Filholm had adequate time to commit the assault prior to the arrival of her family.

Finally, DNA samples taken from Filholm's person and clothing revealed A.B.'s DNA on his fingers and Filholm's semen on his underwear and on the outside of his pants.

Filholm argues that "a fair resolution of conflicts in the testimony, a weighing of the evidence, and a drawing of reasonable inferences from the facts can only lead to the conclusion that reasonable doubt existed as to [his] guilt."[37] But an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact.[38] We determine only whether, based upon the evidence, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. It could. This assigned error lacks merit.

## VI. CONCLUSION

We affirm Filholm's conviction and sentence. However, we reject the Court of Appeals' proposition that, on direct appeal, an appellant must allege prejudice when claiming ineffective assistance of counsel. The disposition of ineffective assistance claims on direct appeal turns on the sufficiency of the record. Thus, an appellant must make specific allegations of trial counsel's deficient conduct. Specific allegations of prejudice are not necessary at that stage. We therefore conclude that the Court of Appeals applied the wrong reasoning in finding that three of Filholm's ineffective assistance claims lacked merit for failure to allege prejudice. Rather, the record was insufficient to address those three claims. We modify the court's decision accordingly. Because the Court of Appeals correctly determined that Filholm was not entitled to relief on direct appeal, we affirm its decision as so modified.

Affirmed as modified.

---

[37] Memorandum brief for appellant in support of petition for further review at 5.

[38] *Castillas, supra* note 7.