IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SALINAS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE LUIS SALINAS, APPELLANT.

Filed February 14, 2017.    No. A-16-600.

Appeal from the District Court for Gage County: PAUL W. KORSLUND, Judge. Affirmed.

Benjamin H. Murray, of Germer, Murray & Johnson, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MOORE, Chief Judge, and PIRTLE and ARTERBURN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Jose Luis Salinas appeals his conviction and sentence for two counts of attempted first degree sexual assault. Salinas asserts that the sentences imposed were excessive, that the district court erred in its sex offender registration advisement, and that he received ineffective assistance of trial counsel. Finding no error, we affirm.

## BACKGROUND

On May 19, 2015, Salinas was charged by information with two counts of first degree sexual assault of a minor. On October 20, a written plea agreement was entered into between Salinas and the State. Salinas agreed to enter guilty or no contest pleas to the amended charges of attempted first degree sexual assault and he agreed to testify truthfully in any depositions, hearings and/or trial against another individual involved with the victim. The agreement further provided that the parties would jointly recommend that the sentences for the two counts be run concurrently.

- 1 -

A plea/rearraignment hearing was held on October 20, 2015. The court was informed that the parties had entered into a written settlement agreement which was received by the court. Salinas was present with his attorney and was also provided with the services of a certified court interpreter. The court spent considerable time during the hearing advising Salinas of his rights and questioning whether he understood his rights and the procedures involved in the plea agreement. Salinas confirmed that he understood the plea agreement, that he had an opportunity to review it with his attorney, and that there were no threats or promises made to induce him to plead, other than the plea agreement. Salinas stated his desire to plead no contest to the amended charges.

The court again advised Salinas of his various rights (which were also given and recalled from the initial arraignment hearing held in May 2015), including his right to remain silent, to be represented by an attorney, to be informed of the new charges against him, that he is presumed innocent and that the burden of proof is on the State to prove him guilty beyond a reasonable doubt, that he has a right to trial by a jury of 12, to confront witnesses, to testify and present evidence, and to appeal. Salinas indicated that he understood these rights "very well." The court then emphasized that Salinas could be removed from the United States or denied naturalization if he is not a citizen. Salinas again confirmed that he understood "perfect" all of the rights and procedures explained by the judge. Salinas responded that he was able to communicate to his satisfaction with his attorney with the assistance of the interpreter. The court then explained the possible penalties and that if convicted, Salinas would be required to register as a sex offender under the Nebraska Sex Offender Registration Act (SORA). Salinas was advised that he was giving up his right to a hearing on his suppression motion and he confirmed his understanding that he would be giving up this right.

Salinas was questioned further about the services of his attorney and he affirmed that he was satisfied with his attorney's job in representing him, that the attorney had answered all of Salinas' questions, and had reviewed the plea agreement with him. Trial counsel advised the court that he had previously talked with Salinas about potential plea agreements, but the attorney had not received a formal offer until that morning. The attorney indicated he researched the plea offer and did his "due diligence" with respect to its terms and conditions. Trial counsel then went to the jail to present the offer to Salinas and they conferred for approximately 30 minutes. Counsel left the jail at 11:30 a.m., and court was scheduled to convene at 2 p.m. Salinas met with counsel approximately 15 minutes before the hearing and advised that he wished to accept the plea offer. Salinas stated to the court that he understood "everything" and again agreed that no promises or threats had been made other than the plea agreement. The trial court then again went through the various rights that Salinas would be losing by pleading.

A factual basis was given by the State which indicated that an investigation by police revealed that Salinas had assaulted a minor on two different occasions in November 2014 at a residence in Beatrice. The victim's statement was corroborated by Salinas' confession, in which it was shown that Salinas subjected the victim to sexual penetration.

Salinas indicated to the court that he had no questions before accepting the plea, he did not need to talk to his attorney further, and he desired the court to accept the pleas. The court found that Salinas' pleas were made freely, voluntarily, knowingly, and intelligently. The court found Salinas guilty beyond a reasonable doubt of the amended charges.

A sentencing hearing was held on May 12, 2016. At the commencement of the hearing, the court noted that Salinas would be required to register as a sex offender under the SORA. The court asked Salinas' counsel whether he had had an opportunity to review the registration with Salinas, and counsel indicated that he had not and inquired whether the court wanted him to do that then or after pronouncement of the sentence. The court advised that it could be done after the sentence was pronounced.

The court indicated that it had reviewed the presentence investigation report (PSI) and discussed various sentencing factors. The court noted various factors in favor of Salinas, including his low risk to reoffend, the lack of history of violent crimes, and his cooperation in the case involving the other individual. However, the court also recognized the seriousness of the offense and the trauma suffered by the 14-year-old victim. The court sentenced Salinas to consecutive terms of 16 to 20 years' incarceration, with credit for 479 days previously served. The court notified Salinas of the requirement that he register as a sex offender under the SORA for 25 years. The court advised Salinas that he would then meet with his attorney to review the notification of registration responsibilities and the notice/acknowledgement of civil commitment evaluation. The court indicated that Salinas and his counsel could either go outside the courtroom or remain in the courtroom to do this, and upon completion to advise the court, at which time the court would acknowledge Salinas' signature on those documents. The record indicates a recess was taken and upon resumption of the hearing, Salinas confirmed that he had the forms read to him, he understood the forms, and he signed the forms. The court confirmed that the SORA forms had been signed by Salinas. The hearing then concluded.

Salinas timely appealed from his conviction and sentence.

ASSIGNMENTS OF ERROR

Salinas assigns as error, restated, that the district court (1) abused its discretion in imposing sentence and (2) erred in failing to advise Salinas of his duty to register under the SORA when the court failed to provide written notification of the duty and when it failed to have Salinas read and sign the form. Salinas also assigns as error that he received ineffective assistance of trial counsel in connection with the SORA procedure and plea process.

STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Castaneda*, 295 Neb. 547, ___ N.W.2d ___ (2017). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

The resolution of an ineffective assistance of counsel claim made on direct appeal turns on the sufficiency of the record. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015). When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* General allegations that trial

counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

ANALYSIS

*Excessive Sentence*.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Garza*, 295 Neb. 434, 888 N.W.2d 526 (2016). When imposing a sentence, a sentencing judge should consider the following factors related to the defendant: (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, (6) motivation for the offense, (7) nature of the offense, and (8) amount of violence involved in the commission of the crime. *State v. Castaneda, supra*. In considering a sentence, a court is not limited in its discretion to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. It is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *Id*.

Salinas was convicted of two counts of attempted first degree sexual assault, Class III felonies, which were punishable by up to 20 years in prison. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2014). Salinas' sentences of 16 to 20 years on each count were within the statutory limits. Nevertheless, Salinas asserts that his sentences were excessive in that the district court did not consider all of the relevant statutory factors or take into consideration the circumstances of Salinas' life.

At the sentencing hearing, the district court stated that it had reviewed the PSI which included all of the pertinent facts surrounding Salinas' life and the offenses at issue. Salinas was 26 years old at the time of sentencing. The district court acknowledged the factors weighing in favor of Salinas; that he scored in the low risk to reoffend, that he did not have a history of violent crime, and that he cooperated in a companion case. However, the district court also noted the seriousness of the offenses, and that the victim was 14 years old and had been traumatized by the assaults. Although not required to do so, the district court followed the joint recommendation contained in the plea agreement by imposing concurrent sentences.

It is clear that the district court considered the appropriate sentencing factors in arriving at its decision of an appropriate sentence. We cannot find that the district court abused its discretion in the sentences imposed.

*SORA Advisement*.

Salinas argues that the district court failed to follow the statutory procedure mandated by Neb. Rev. Stat. § 29-4007 (Supp. 2015), and by failing to do so, the court failed to fully advise Salinas of the possible penalties he faced by pleading no contest to the amended complaint.

Section 29-4007(1) provides that when sentencing a person convicted of a registrable offense under Neb. Rev. Stat. § 29-4003 (Cum. Supp. 2014), the court shall provide written notification of the duty to register under SORA "at the time of sentencing." Salinas argues that the court did not provide the required written notification until *after* he was sentenced, thus violating the statute. We find no merit to this argument.

Although the district court had pronounced the sentences upon Salinas, it immediately thereafter advised Salinas that he would need to complete the SORA documents and a recess was taken in order to accomplish this. The sentencing hearing then resumed, at which time Salinas confirmed that the forms had been read to him, he understood the forms, and he signed the forms. Thus, the written notification was provided "at the time of sentencing."

In addition, Salinas had been advised several times during the various proceedings (including the initial arraignment, the plea hearing, and at the commencement of the sentencing hearing) that he would be required to register as a sex offender under the SORA. Salinas indicated at the plea hearing that he understood this requirement. The record clearly shows that the district court fully advised Salinas of the possible penalties he faced by pleading no contest to the amended complaint, including his duty to register as a sex offender.

This assignment of error is without merit.

*Ineffective Assistance of Counsel.*

Reordered, Salinas argues that his trial counsel was ineffective in (1) failing to adequately review the registration requirements of SORA prior to sentencing, (2) in failing to inform Salinas of the option to request that sentencing be continued in order to allow time to review the requirements of SORA, and (3) in failing to inform Salinas of the option to move to withdraw his plea prior to the entry of sentence.

Salinas does not argue these claims separately in his brief. He asserts that the record shows that his trial counsel admitted at the commencement of sentencing that he had not yet reviewed the registration requirements of the SORA with Salina and the trial court's determination that this could be done after sentencing. Salinas argues that as a result of this failure, he was not aware of the nature of the charges and possible penalties that would result from the plea agreement and that had he been aware, he *may* have chosen not to enter the plea.

When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

We conclude that the record is sufficient to review the first two claims regarding counsel's review of the requirements of the SORA with Salinas. After the district court pronounced its sentence but before the hearing was concluded, a recess was taken in order to allow counsel and Salinas time to review the written notifications required by SORA. Upon resuming the hearing, Salinas' trial counsel represented to the court that the interpreter read the entirety of the notice to

Salinas in Spanish and asked Salinas if he had any questions regarding the notice. The court asked Salinas if he agreed with counsel's statement and he responded affirmatively. Salinas advised the court that he signed the forms and that it was his voluntary act. When the court asked Salinas whether he understood what the forms said, he responded, "Yes, very well." Salinas does not allege what further review of the registration forms was necessary in order to comply with the requirement that he be notified of the registration duties at the time of sentencing. As noted above, Salinas was notified several times during the proceedings that such registration requirement would be imposed should he plead to the charges.

The record is sufficient to refute Salinas' claim that he was not adequately advised of the registration requirement that would result from the entry of his pleas. As such, his claims that counsel was ineffective in failing to adequately advise him of the requirements or in failing to seek a continuance of the sentencing hearing are without merit.

Salinas does not present any further discussion or argument regarding his remaining claim that counsel failed to advise him that he could move to withdraw his plea prior to sentencing. Salinas is required to specifically assign and argue his trial counsel's allegedly deficient conduct. See, *State v. Filholm, supra*. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Olbricht*, 294 Neb. 974, 885 N.W.2d 699 (2016).

Salinas' general allegation that counsel failed to advise him that he could move to withdraw his plea prior to sentencing does not inform us how this alleged failure amounted to deficient performance in the context of this case. An appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on direct appeal. *State v. Filholm supra*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

Salinas has failed to specifically allege his claim regarding trial counsel's failure to advise him concerning withdrawal of his plea and Salinas has failed to specifically argue this claim. Salinas has therefore failed to preserve this claim.

## CONCLUSION

We find no abuse of discretion by the district court in imposing sentence upon Salinas. The district court did not err in its advisement of the notification requirements of the SORA. Salinas' claims of ineffective assistance of trial counsel are without merit.

AFFIRMED.