plea was taken. Dixon contends that the objections she made at her enhancement hearing related to her past convictions demonstrated to the court that certain issues on appeal could affect the enhancement of her sentence. Dixon argues here that the court should have waited until those matters were decided before sentencing her.

[8] The district court confirmed with Dixon, however, that she wanted to be sentenced on the same day her plea was taken and that she had discussed this with counsel. "It has long been the rule in this state that a party cannot complain of error which he [or she] has invited the court to commit."[11] Dixon's final assignment of error is without merit.

## CONCLUSION

We affirm Dixon's conviction and sentence.

Affirmed.

McCormack, J., participating on briefs.

---

[11] *Norwest Bank Neb. v. Bowers*, 246 Neb. 83, 85, 516 N.W.2d 623, 624 (1994).

---

State of Nebraska, appellee, v.
Jason L. Marks, appellant.
___ N.W.2d ___

Filed June 28, 2013.    No. S-12-931.

1. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
2. **Postconviction: Constitutional Law.** A trial court's ruling that a petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.
3. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.

4. **Postconviction.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable.

5. **Postconviction: Constitutional Law: Proof.** In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable.

6. ____: ____: ____. A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution.

7. **Postconviction: Proof.** If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing.

8. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

9. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. An appellate court may address the two prongs of this test, deficient performance and prejudice, in either order.

10. **Effectiveness of Counsel.** In addressing the "prejudice" component of the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), test, a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

11. **Effectiveness of Counsel: Proof: Words and Phrases.** To show prejudice under the prejudice component of the *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), test, there must be a reasonable probability that but for the petitioner's counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

12. **Effectiveness of Counsel: Appeal and Error.** When a case presents layered claims of ineffective assistance of counsel, an appellate court determines whether the petitioner was prejudiced by his or her appellate counsel's failure to raise issues related to his or her trial counsel's performance. If the trial counsel did not provide ineffective assistance, then the petitioner cannot show prejudice from the appellate counsel's alleged ineffectiveness in failing to raise the issue on appeal.

Appeal from the District Court for Douglas County: W. Russell Bowie III, Judge. Affirmed.

Thomas J. Garvey for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Jason L. Marks was convicted of first degree murder and use of a firearm to commit a felony. He was sentenced to life imprisonment for first degree murder and to a consecutive term of 5 to 10 years' imprisonment on the firearm conviction. We affirmed his convictions in *State v. Marks*, 248 Neb. 592, 537 N.W.2d 339 (1995) (*Marks I*), but his sentence on the firearm conviction was twice vacated, and the cause remanded to the district court to correct the amount of credit for time served. See, also, *State v. Marks*, 265 Neb. xxii (No. S-02-1320, Apr. 9, 2003). Marks was represented by the same counsel at trial and on these appeals. Marks filed an amended motion for postconviction relief, which the district court denied without an evidentiary hearing. Marks appeals. Marks is represented by new counsel in the current postconviction case. Because Marks failed to allege facts that show he was entitled to relief and the record refutes his claims, we affirm.

## STATEMENT OF FACTS

On May 9, 1994, Marks was charged by information with first degree murder and use of a firearm to commit a felony in connection with the shooting death of Arthur Godbolt. The facts of Marks' underlying case are set forth in detail in *Marks I*.

On the night of the shooting, Marks, Wade Stewart, and Shawn King were driving a vehicle owned by Stewart's mother. Stewart was driving, King was in the front passenger seat, and Marks was in the back seat. In *Marks I*, we stated that Marks testified that while they were driving,

> he saw the victim's car and saw people standing by it. As they started driving toward the victim's car, King

started firing, so Marks . . . opened fire. Marks said that after he saw the victim's car, he figured that his group would be shot at. He claimed that it was dark and that he did not see anyone in the area where he was aiming. He stated that after King started firing, he saw people by the car run back toward the sidewalk and the house, and he claimed that he was not thinking, but was just shooting at the car. As they drove away, Marks looked back and said, "Somebody fell." He thought he might have accidentally hit someone.

248 Neb. at 596, 537 N.W.2d at 343.

After a jury trial, Marks was found guilty on both counts. On November 30, 1994, he was sentenced to life imprisonment for first degree murder and to a consecutive term of 5 to 10 years' imprisonment on the firearm conviction. Marks' convictions were affirmed in *Marks I*, but we twice vacated the sentence for the use of a firearm conviction and remanded the cause to the district court to correct the amount of credit for time served. Marks was represented by the same counsel at trial and on these appeals.

Marks filed an amended motion for postconviction relief by new counsel on February 22, 2012. This postconviction proceeding gives rise to the instant appeal. In his amended motion, Marks alleged that he was entitled to postconviction relief based on what he styled as "judicial misconduct," primarily because the district court excused a juror and replaced him with an alternate juror when Marks was not present. Marks styled additional claims as "prosecutorial misconduct," primarily alleging that the prosecution failed to advise defense counsel of the existence of evidence regarding a bullet hole in the vehicle in which Marks was riding on the night of the shooting. Marks alleged various other claims based on purported denial of effective assistance of counsel, including that trial counsel failed to investigate aspects of the case, failed to call certain witnesses, failed to file motions in limine and to suppress, failed to request an intoxication defense instruction, and failed to object to proposed jury instructions. Marks alleged that his appellate counsel was ineffective because he failed to raise the foregoing issues on direct appeal.

In its September 14, 2012, order, the district court denied Marks' motion for postconviction relief without an evidentiary hearing. The district court reasoned that Marks' claims of ineffective assistance of trial and appellate counsel were without merit generally because Marks failed to allege sufficient facts to show prejudice or the record refuted his claims.

Marks appeals.

## ASSIGNMENT OF ERROR

Marks claims, restated, that the district court erred when it denied his motion for postconviction relief without an evidentiary hearing.

## STANDARD OF REVIEW

[1-3] In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012). A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief. *Id*. Thus, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Watkins*, 284 Neb. 742, 825 N.W.2d 403 (2012); *State v. Edwards, supra*.

## ANALYSIS

Marks claims on appeal that the district court erred when it denied postconviction relief without conducting an evidentiary hearing. We find no merit to Marks' assignment of error.

[4,5] The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008 & Cum. Supp. 2012), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. York*, 278 Neb.

306, 770 N.W.2d 614 (2009). Thus, in a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Gunther*, 278 Neb. 173, 768 N.W.2d 453 (2009); *State v. Jim*, 275 Neb. 481, 747 N.W.2d 410 (2008).

[6,7] A court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Watkins, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*.

In his amended motion for postconviction relief, Marks styled his allegations as "judicial misconduct," "prosecutorial misconduct," and ineffective assistance of trial and appellate counsel. However, upon closer reading of the motion, all of his allegations are more accurately characterized as claims of ineffective assistance of counsel. Accordingly, our analysis is limited to the principles applicable to ineffective assistance of counsel claims. In particular, we examine the allegations in the motion to see if there is an alleged factual basis on which a court could conclude that the judgment was void or voidable. We also examine the record to determine whether the district court was correct when it determined that Marks was entitled to no relief.

[8,9] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. See *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Robinson, supra*. An appellate court may

address the two prongs of this test, deficient performance and prejudice, in either order. *Id*.

[10,11] In addressing the "prejudice" component of the *Strickland* test, a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. To show prejudice under the prejudice component of the *Strickland* test, there must be a reasonable probability that but for the petitioner's counsel's deficient performance, the result of the proceeding would have been different. *State v. Robinson, supra*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

[12] Because Marks' trial counsel was also his appellate counsel, this is his first opportunity to assert claims that his trial counsel provided ineffective assistance. See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012). These claims are layered ineffectiveness claims—i.e., a claim that his appellate counsel was ineffective for failing to raise claims of his trial counsel's ineffective assistance. When a case presents layered claims of ineffective assistance of counsel, we determine whether the petitioner was prejudiced by his or her appellate counsel's failure to raise issues related to his or her trial counsel's performance. *Id*. See, also, *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). If the trial counsel did not provide ineffective assistance, then the petitioner cannot show prejudice from the appellate counsel's alleged ineffectiveness in failing to raise the issue on appeal. See *id*.

As noted, we treat Marks' numerous allegations in his motion as being in the nature of ineffective assistance of counsel. So treated, Marks claims in excess of 30 trial and appellate counsel errors. We have reviewed the entirety of Marks' motion and the record and find no claim merits relief and therefore conclude that the district court did not err when it denied Marks' motion for postconviction relief without an evidentiary hearing. In the remainder of this opinion, we confine our remarks to several claims by way of illustration.

Marks alleged in his amended motion that he is entitled to postconviction relief because the district court excused a sitting juror and replaced him with an alternate juror when

Marks was not present. In substance, Marks claims that his trial counsel failed to object and to insist that Marks be present for this development.

Although a defendant has a right to be present at all critical stages of a trial, *Rushen v. Spain*, 464 U.S. 114, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983), the U.S. Supreme Court has stated that a defendant does not have a right to be present when his or her "presence would be useless," *Snyder v. Massachusetts*, 291 U.S. 97, 106, 54 S. Ct. 330, 78 L. Ed. 674 (1934), *overruled in part on other grounds, Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964). A due process right to be present is not absolute; rather, "the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence." 291 U.S. at 107-08. See, also, *State v. Irby*, 170 Wash. 2d 874, 246 P.3d 796 (2011) (cases collected regarding presence of defendant).

In this case, a circumstance developed whereby a juror would have suffered a harm had he continued to serve. The district court assembled counsel and explained the situation. All counsel agreed to excuse the juror prior to deliberations and replace him with an alternate juror who had been duly selected. The alternate was legally capable of serving in the place of the excused juror. See Neb. Rev. Stat. § 29-2004 (Reissue 2008). A just hearing was not thwarted by Marks' absence, and his presence was not required; therefore, trial counsel was not deficient when he did not insist on Marks' presence.

Marks also alleged that his trial counsel was unaware prior to trial of evidence regarding a bullet hole in the hood of the vehicle in which Marks was a passenger. It appears that Marks believes that this evidence would establish a self-defense claim and that his trial counsel was ineffective for not objecting to the introduction of this evidence at trial or for not requesting a recess or moving for a continuance or a mistrial based on the introduction of this evidence. The record shows that during trial, witnesses were questioned regarding the bullet hole found in the vehicle, as well as other ballistic evidence. Questioning was done by both the prosecutor and defense counsel. Thus, even if Marks' trial counsel was not aware of this evidence prior to trial, trial counsel was aware of the

evidence at some point during trial, and Marks was not preju-
diced by its introduction. See *State v. Lotter*, 255 Neb. 456,
586 N.W.2d 591 (1998), *modified* 255 Neb. 889, 587 N.W.2d
673 (1999) (stating that no violation under *Brady v. Maryland*,
373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), exists
when material evidence is disclosed prior to end of trial).
Indeed, the introduction of this particular evidence arguably
was favorable to Marks. The record refutes a claim of preju-
dice alleged by Marks.

Marks further alleged in his amended motion that his trial
counsel was ineffective for failing to investigate various
aspects of the case. However, he did not allege any specific
facts showing what such an investigation would have revealed,
what exculpatory evidence would have been discovered, or
how such an investigation would have changed the outcome
of the trial. Marks is not entitled to postconviction relief on
this allegation.

Marks alleged that his trial counsel was ineffective for
failing to call certain individuals as witnesses. In assessing
postconviction claims that trial counsel was ineffective for
failing to call a particular witness, we have upheld the dis-
missal without an evidentiary hearing where the motion did
not include specific allegations regarding the testimony which
the witness would have given if called. See, *State v. McGhee*,
280 Neb. 558, 787 N.W.2d 700 (2010); *State v. Davlin*, 277
Neb. 972, 766 N.W.2d 370 (2009). In his amended motion,
Marks did not specifically allege what the testimony of these
witnesses would have been if they had been called. Marks'
allegations in connection with this claim are conclusory, and
he failed to allege sufficient facts which, if proved, would
establish a reasonable probability that the outcome of his case
would have been different if his trial counsel had called or
interviewed the witnesses he mentions. Marks did not satisfy
his burden to allege facts amounting to prejudice with respect
to this allegation.

Marks also alleged that trial counsel was ineffective when
he failed to file a motion to suppress a statement Marks had
made to the authorities. The record refutes this allegation,
because a *Miranda* rights advisory form was received into

evidence and reflects that Marks voluntarily waived his right to counsel.

Marks also alleged that his trial counsel was ineffective when he failed to request an intoxication defense instruction. The record refutes this allegation, because there was no evidence at trial, including Marks' own testimony, to indicate that Marks was intoxicated on the night of the shooting.

Finally, Marks alleged that his trial counsel was ineffective when he failed to object to proposed jury instructions. This allegation is conclusory; Marks did not specify which jury instructions his trial counsel should have objected to or how such an objection would have resulted in a different outcome of his case. Marks failed to allege facts amounting to prejudice with respect to this allegation.

As explained above, Marks' allegations of ineffective assistance of trial counsel are conclusory, are refuted by the record, and are not pleaded in enough detail to warrant an evidentiary hearing. We therefore conclude that Marks did not allege sufficient facts which, if proved, would establish a reasonable probability that the outcome of his case would have been different but for his trial counsel's alleged deficient performance.

As stated above, Marks' trial counsel was also his appellate counsel, and therefore, we must determine whether Marks was prejudiced by his appellate counsel's alleged failure to raise on appeal issues related to his trial counsel's effectiveness at trial. Based on our conclusion that Marks' trial counsel was not ineffective, we conclude that Marks cannot show prejudice from his appellate counsel's alleged ineffectiveness in failing to raise these issues on direct appeal. See *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

## CONCLUSION

Marks' motion for postconviction relief does not allege facts which constitute a denial of his constitutional rights, and as to certain allegations, the record refutes his claims. Therefore, the district court did not err when it denied Marks' motion for postconviction relief without an evidentiary hearing.

AFFIRMED.