IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. BUTTERCASE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE

V.

JOSEPH J. BUTTERCASE, APPELLANT.

Filed December 5, 2017.    No. A-15-987.

Appeal from the District Court for Gage County: PAUL W. KORSLUND, Judge. Affirmed.

Joseph J. Buttercase, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Joseph J. Buttercase appeals from the Gage County District Court's denial of his motions to recuse the judge and to amend his postconviction motion. He also appeals from the court's denial of his motion for postconviction relief without an evidentiary hearing. We affirm.

## II. BACKGROUND

In 2012, Buttercase was convicted of first degree sexual assault, first degree false imprisonment, strangulation, and third degree domestic assault. He received sentences of 20 to 30 years' imprisonment for his sexual assault conviction, 4 to 5 years' imprisonment for his false imprisonment conviction, 20 months to 5 years' imprisonment for his strangulation conviction, and 1 to 1 year imprisonment for his domestic assault conviction. All sentences were ordered to be served consecutively. Buttercase appealed, and in case No. A-12-1167, in an unpublished memorandum opinion dated November 5, 2013, this court affirmed his convictions and sentences.

- 1 -

Buttercase filed the present motion for postconviction relief on February 19, 2015. The motion alleged that his convictions and sentences were in violation of the United States and Nebraska constitutions, "more particularly his right to due process of law and his right to effective assistance of counsel." He claimed his trial counsel was ineffective for failing to: contact or interview a witness, Sondra Aden, before trial, and to "present her evidence at trial"; raise the trial court's denial of his motion to suppress and motion for a *Franks* hearing on direct appeal; properly investigate the case and present the exhibits for Buttercase's review; object to certain photographic evidence presented by the state; object to testimony by Julie Jurich (a witness called by the State); call a medical expert witness to testify at trial; and file a motion for change of venue. In addition, Buttercase alleged the State disclosed new evidence during trial and that this late disclosure prejudiced his right to a fair trial and effective assistance of counsel.

The State filed a response to Buttercase's motion for postconviction relief, in which it alleged: Buttercase failed to allege facts which, if proved, constituted a denial or violation of any constitutional right; the motion was procedurally barred; the case files and records affirmatively showed Buttercase was not entitled to any relief; and Buttercase's motion alleged only conclusions of law. The State asked the district court to deny the motion without an evidentiary hearing. The district court held a status hearing on April 20, 2015, and requested briefs regarding the State's responsive pleading, but referred to it as a "motion to dismiss."

Buttercase filed a motion to recuse the presiding judge on June 26, 2015. Buttercase argued recusal was appropriate because (1) the judge had previously chastised him in open court, (2) Buttercase had filed a complaint against the judge, and (3) the judge's impartiality might reasonably be questioned. On June 29, Buttercase filed a motion to amend his motion for postconviction relief. A hearing on both motions was held on August 14.

In an order filed on September 15, 2015, the district court denied Buttercase's motion to recuse, finding the court did not demonstrate any bias towards Buttercase and that the complained-of admonishments were necessary for proper conduct at trial.

In an order filed on September 16, 2015, the district court denied Buttercase's motion to amend his motion for postconviction relief. The court noted Buttercase had one year from the filing of his direct appeal mandate (March 5, 2014), to file his motion for postconviction relief. Buttercase filed his postconviction motion on February 19, 2015. However, Buttercase did not seek to amend his motion until June 29 (near the end of the briefing schedule on the State's motion to deny an evidentiary hearing). The court determined Buttercase sought to amend his motion for postconviction relief outside the one-year period of limitations set forth in Neb. Rev. Stat. § 29-3001 (Reissue 2016), and to "avoid the one year statute of limitations under [§] 29-3001, it is necessary to find that the proposed amendment relates back to the pending motion for postconviction relief as provided by Neb. Rev. Stat. 25-201.02(1) [Reissue 2016]." The court noted the statute's language that an amendment "relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." See *id*. The court stated, "Buttercase argues that the new allegations relate to evidence that could have been used by his trial counsel in support of the theory that the victim consented to Buttercase's sexual conduct." The court concluded Buttercase's motion to amend raised a "distinctly new factual allegation of

the ineffectiveness assistance of trial counsel," and therefore, the proposed amendment did not relate back to the original motion for postconviction relief as required to circumvent the one-year period of limitation.

The district court denied Buttercase's motion for postconviction relief without an evidentiary hearing on October 2, 2015. Buttercase timely appealed.

## III. ASSIGNMENTS OF ERROR

Buttercase assigns, summarized and restated, that the district court erred by denying his motions: (1) to recuse the presiding district court judge, (2) to amend his motion for postconviction relief, and (3) for postconviction relief without an evidentiary hearing.

## IV. STANDARD OF REVIEW

A motion to recuse for bias or partiality is initially entrusted to the discretion of the trial court, and the trial court's ruling will be affirmed absent an abuse of discretion. *Huber v. Rohrig*, 280 Neb. 868, 791 N.W.2d 590 (2010).

An appellate court reviews a refusal to grant leave to amend an original postconviction for an abuse of discretion. See *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

## V. ANALYSIS

### 1. MOTION TO RECUSE

Buttercase claims the district court judge should have recused himself for three reasons: (1) the judge had previously chastised Buttercase in open court; (2) Buttercase filed a complaint against the judge; and (3) the judge's impartiality might reasonably be questioned.

A motion requesting a judge to recuse himself or herself on the ground of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *Huber v. Rohrig, supra*. As a matter of law, a trial judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was shown. *Id.*

Initially, we note the State's argument that the recusal issue is not properly before this court because Buttercase's claim is based upon the judge's actions at trial and Buttercase did not raise the issue on direct appeal, nor did he allege in his postconviction motion that his trial/appellate counsel was ineffective for failing to do so (he was represented by same counsel at trial and on direct appeal). The State supports its argument by citing *State v. Thorpe*, 290 Neb. 149, 858

N.W.2d 880 (2015), for the proposition that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. However, Buttercase is not arguing that the district court judge should have recused himself from the trial proceedings. Rather, he sought to have the judge recuse himself from the postconviction proceedings because of purported bias demonstrated in prior proceedings. Thus, the issue is not waived.

Having reviewed the merits of Buttercase's arguments for recusal, we find the district court correctly denied the motion to recuse. First, Buttercase's motion did not identify where in the record the allegedly problematic chastisement took place. However, in his brief, he directs our attention to page 810, lines 17 to 21, of the bill of exceptions, which reflects the following admonition by the court given during Buttercase's testimony at trial:

> THE COURT: All right. I will strike the last portion of the answer after "yes", [sic] and then Mr. Buttercase, I'm going to instruct you, again, to answer the question that you are asked and don't volunteer any information. Do you understand me?

While Buttercase did not mention it in his brief or in his motion to recuse, we note the court later addressed the jury, stating:

> THE COURT: All right. Ladies and Gentlemen of the jury, I'm going to instruct you not to draw any negative inference from the admonition that I gave Mr. Buttercase. And Mr. Buttercase, for your information, in case you are un aware [sic], [your counsel] will have an opportunity to ask you follow-up questions after the prosecution's cross-examination. So it is important that you just answer the questions you are asked, and then [your counsel] will have a chance to ask you some other questions.

In Nebraska, a trial judge has broad discretion over the conduct of a trial. *State v. Pangborn*, 286 Neb. 363, 836 N.W.2d 790 (2013). It is the judge's statutory duty to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence. *Id.* There is no rule of law which automatically disqualifies a judge who has presided at trial from subsequently considering a postconviction action. *State v. Joubert*, 235 Neb. 230, 455 N.W.2d 117 (1990). In order to show a constitutional violation of the right to an impartial judge, a defendant must prove actual bias or structural error. *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004). A judge's ordinary efforts at courtroom administration cannot be the basis for bias or partiality. *Huber v. Rohrig, supra* (citing *Liteky v. United States*, 510 U.S. 540, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)).

The admonition Buttercase complains about was well within the bounds of proper courtroom administration during trial. The judge's admonition does not appear to be anything but ordinary and even-handed. The judge explained why he admonished Buttercase and directed the jury to make no negative assumptions from the admonition. No reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness. See *Huber v. Rohrig, supra*. The trial court did not abuse its discretion when it denied the motion to recuse on grounds that it had previously admonished Buttercase.

Buttercase next argues the presiding judge should have recused himself because Buttercase filed a complaint against the judge with the Nebraska Judicial Qualifications Commission (Commission). The Commission dismissed Buttercase's complaint against the presiding judge on October 10, 2013, well before the postconviction proceedings. Buttercase cites no precedent or statute that suggests a recusal is required under such circumstances and we are not persuaded that a reasonable person would question the judge's impartiality in this case. See *Huber v. Rohrig, supra*. Furthermore, adopting Buttercase's argument would allow parties to force a judge's recusal simply by filing a complaint with the Commission, regardless of the complaint's merit. The district court did not abuse its discretion when it denied the motion to recuse on grounds that Buttercase had filed a complaint with the Commission.

Finally, Buttercase argues the presiding judge's impartiality might reasonably be questioned because of certain Facebook messages between the victim and Buttercase's ex-wife. The victim allegedly stated, "Plus my attorney and this judge play golf together and he likes me . . ."; Buttercase asserts this demonstrates the presiding judge's bias. However, Buttercase did not mention these messages in the proceedings below or in his motion to recuse. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *State v. Huston*, 285 Neb. 11, 824 N.W.2d 724 (2013). Because Buttercase first mentions these alleged Facebook messages on appeal, he did not properly present them to the trial court and we will not address them.

After examining the record, we conclude the district court did not abuse its discretion by denying Buttercase's motion to recuse.

## 2. MOTION TO AMEND

Buttercase claims the district court erred by denying his motion to amend his motion for postconviction relief. The new claim Buttercase sought to include in his proposed amended motion stated:

> The State of Nebraska failed to turn over material evidence prior to the trial of this case, or at any time prior to the sentencing in this case. Specifically, a video of [Buttercase] and the State's complaining witness engaged in sexual activity approximately one month prior to the alleged incident which gave rise to the charges in this case.
>
> [Buttercase] has been charged criminally in federal court and only learned that the State had possession of the video during the discovery process pursuant to the federal discovery process. The State would have seized the video during it's [sic] investigation in this case, and would have had possession of said video prior to the trial in the above case.
>
> The failure to disclose the aforementioned video prejudiced [Buttercase's] right to due process and effective assistance of counsel, as secured by the United States and Nebraska constitutions.

As previously noted, the district court found Buttercase filed his motion for postconviction relief on February 19, 2015, which was within one year of the issuance of the direct appeal mandate (March 5, 2014). However, since Buttercase did not file his motion to amend until June 29, 2015,

- 5 -

the district court determined the amendment could only be allowed if it related back to the pending motion for postconviction relief. The court relied upon § 25-201.02(1), which states:

> An amendment of a pleading that does not change the party or the name of the party against whom the claim is asserted relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.

The district court concluded Buttercase's "new allegations relate to evidence that could have been used by his trial counsel in support of the theory that the victim consented to Buttercase's sexual conduct." Whereas, "the original motion for post-conviction relief alleges ineffective assistance of [Buttercase's] trial counsel that are separate deficiencies from the proposed amendment." The district court cited to *United States v. Craycraft*, 167 F.3d 451 (8th Cir. 1999) and *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010), in further support of its decision to deny Buttercase's motion to amend.

*United States v. Craycraft*, *supra*, involved a plea agreement with the defendant for conspiring to distribute methamphetamine, in which the government indicated the possibility of a sentence reduction if the defendant substantially assisted in the prosecution of other defendants. However, instead of a reduction, the government sought a sentence enhancement because of a prior felony drug conviction. No direct appeal was filed, and years later the defendant filed a pro se petition for relief under 28 U.S.C. § 2255 (motion attacking sentence), which also has a time limitation to file such a motion within 1 year of the latest date of various options provided by statute. The federal court determined the defendant had timely filed his original motion, but that his amendments were not timely. The defendant's initial motion sought relief due to the ineffective assistance of counsel for failure of counsel to do various things, but did not reference the failure to file a direct appeal. The defendant filed two amended motions thereafter, which added the claim that his counsel failed to file a direct appeal as instructed. The court stated the merits of the defendant's amended claim would be time-barred unless a relation back analysis was satisfied. Similar to the Nebraska statute (§ 25-201.02(1)) relied upon by the district court in the present matter, the federal court noted that "Fed. R. Civ. P. 15(c)(2)" provides that an "amendment to a pleading shall 'relate back' to the date of the original pleading only if the claim asserted in the original pleading and the claim asserted in the amended pleading arose out of the same conduct, transaction, or occurrence." *United States v. Craycraft*, 167 F.3d at 457. The court explained the rationale of "Rule 15(c) is that a party who has been notified of the litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Id*. The federal court determined the claim of ineffective assistance of counsel for failure to file a direct appeal was a separate occurrence from the deficiencies stated in the defendant's original motion; therefore, the amendment could not relate back and was time barred. The district court in the present matter applied a similar analysis to reach its conclusion to deny Buttercase's proposed amended claim.

The district court's reference to *State v. Manning, supra*, was to point out the similarity between the prisoner in that case and Buttercase in that both attempted to later amend a pleading with facts which were already known at the time of the original pleading. In *Manning*, this court

noted that postconviction relief statutes do not accord the opportunity to amend a pleading after the court determines the pleading is insufficient to necessitate an evidentiary hearing. Buttercase points out that his request to amend was filed before the district court made a final determination on the merits of his postconviction motion; however, as noted, the district court's reference to the case was for other reasons.

Buttercase argues the district court erroneously characterized his original postconviction motion as pertaining only to claims of ineffective assistance of counsel, whereas, he claims the references to an "unfair trial" and prejudice resulting from the "State's late disclosure of evidence," are sufficiently related to the amended claim asserting the State's late disclosure of the video. Brief for appellant at 31. In other words, Buttercase suggests the district court should have read his original postconviction motion more liberally when deciding whether the proposed amendment related back to his original motion. In support of a more liberal reading of his original motion, Buttercase argues a "fair discussion and standard for grants of leave to amend pending postconviction motions has been provided" in *State v. Mata*, 280 Neb. 849, 790 N.W.2d 716 (2010).

In *Mata*, our Supreme Court stated that a prisoner's ability to amend his postconviction motion was governed by Neb. Ct. R. Pldg. § 6-1115(a), and under that rule, leave shall be freely given when justice so requires. Looking to federal courts' interpretations of the rule, our Supreme Court said, "A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated." *State v. Mata*, 280 Neb. at 855, 790 N.W.2d at 720. The Supreme Court concluded it was an abuse of discretion to deny the prisoner leave to amend his motion for postconviction relief under the circumstances of that case. The court noted the prisoner, who had been sentenced to death, may have viable ineffective assistance of counsel and other claims which, if not allowed to amend his motion, would result in the prisoner being procedurally barred from ever bringing those claims before being put to death. The circumstances described in *Mata* are not present here, and more importantly, as discussed next, portions of *Mata* relied upon by Buttercase have been expressly disfavored by our Supreme Court in a decision released last year after the district court's decision was entered in the present matter.

In *State v. Robertson*, 294 Neb. 29, 41, 881 N.W.2d 864, 875 (2016), our Supreme Court clarified that while a postconviction action is civil in nature, "it is not an ordinary civil action in the context of either Neb. Ct. R. Pldg. § 6-1101 or [Neb. Rev. Stat.] § 25-801.01 [(Reissue 2008)]." The Supreme Court further stated:

> Nowhere does the postconviction statute characterize the proceeding as an "action"; rather, the postconviction statute authorizes filing a "verified motion" in the criminal case. In contrast to a civil action, which typically results in a judgment or decree, postconviction relief is a special statutory proceeding that permits a collateral attack upon a criminal judgment and results in an order either sustaining or overruling the motion. This collateral proceeding is "cumulative" and "not intended to be concurrent with any other remedy existing in the courts of this state." It normally is invoked only after the prisoner has failed to secure relief through a direct appeal of his or her conviction.

Civil actions are controlled by a liberal pleading regime. A party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. . . . The rationale for this liberal notice pleading standard is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. The directive in § 6-1115 that leave of court to amend a party's pleading "shall be freely given when justice so requires" is consistent with the liberal pleading philosophy in civil actions.

But the liberal pleading rules that govern civil actions are inconsistent with postconviction proceedings.

*State v. Robertson*, 294 Neb. at 41-42, 881 N.W.2d at 875 (citations omitted).

The Supreme Court pointed out in *State v. Robertson, supra,* that postconviction relief is a very narrow category of relief, and is intended to provide relief in those cases where a miscarriage of justice may have occurred, and not to be a procedure to secure a routine review for any defendant dissatisfied with his sentence. *Id*. Further, its procedures were intended to be swift, simple, and easily invoked. *Id*. "Because extending civil pleading rules to postconviction proceedings is unwise and unnecessary, we now clarify that civil pleading rules do not apply to postconviction proceedings, and we expressly disapprove of language in *Mata* suggesting otherwise." *State v. Robertson*, 294 Neb. at 43-44, 881 N.W.2d at 876. Furthermore, the Nebraska Supreme Court has made it clear that when a district court refuses to grant leave to amend an original postconviction motion, an appellate court reviews that decision for an abuse of discretion. See *State v. Edwards*, 294 Neb. 1, 880 N.W.2d 642 (2016) (need not consider whether district court's reason for denying motion for leave to amend was tenable, because ruling did not deprive petitioner of substantial right or just result, and therefore, could not have been abuse of discretion).

Accordingly, Buttercase's reliance on *State v. Mata*, *supra*, for his position that the district court should have liberally construed his original motion for postconviction relief in order to find his later amendment sufficiently related back to his original claims is no longer relevant in light of our Supreme Court disfavoring the application of the more liberal civil pleading rules to postconviction proceedings. See *State v. Robertson*, *supra*.

Therefore, as set forth in *State v. Edwards*, *supra*, we review the district court's order denying Buttercase's motion to amend his postconviction motion for an abuse of discretion, and we find none. Whether Buttercase's amendment sufficiently related back to his original postconviction motion or not does not change the fact that Buttercase was not deprived of a substantial right or just result by not being permitted to amend his original motion as requested. His proposed amended claim that the State's failure to turn over the video of Buttercase and the victim engaged in sexual activity one month prior to the assault somehow prejudiced him and denied him due process and effective assistance of counsel is not supported by the record. We note initially that Buttercase's proposed amendment did not explain the significance of the video or how it would have changed the outcome of the case, and was therefore insufficiently pled even if the amendment had been allowed. Notably, however, it was undisputed at trial that Buttercase and the victim had engaged in consensual sex, including being sexually intimate periodically for several months after they broke up in March 2011. See *State v. Buttercase*, No. A-12-1167

- 8 -

(memorandum opinion released November 5, 2013). Since the assault leading to Buttercase's conviction occurred in July 2011, it is unclear how a video showing Buttercase and the victim engaged in sexual activity approximately one month before the assault would have changed the outcome of the case. The district court did not abuse its discretion by denying the motion to amend, even if for different reasons than found by this court. See *Logan Ranch v. Farm Credit Bank*, 238 Neb. 814, 472 N.W.2d 704 (1991) (if a trial court arrives at the correct result even though it uses a reason different from that expressed by an appellate court, its judgment will still be upheld).

### 3. MOTION FOR POSTCONVICTION RELIEF

Buttercase raised a series of ineffective assistance of counsel claims against his trial counsel, who was also his counsel on direct appeal. He alleged his counsel was ineffective because he failed to: use the testimony of a witness, Sondra Aden; appeal the denial of a motion to suppress; appeal the result of the *Franks* hearing; properly investigate the case (in relation to allegedly late disclosed evidence); object to some of the State's photographic evidence; object to Dr. Jurich's testimony; call a medical expert at trial; and file a motion for a change of venue. Buttercase also claimed that he was entitled to postconviction relief because the State did not timely disclose certain evidence and that this delay prejudiced his defense.

On appeal, Buttercase argues he should have received an evidentiary hearing on his motion for postconviction relief because, "A) the lower court's impartiality is demonstrated by its denials, and B) the appellant has alleged facts which, if developed, would show that he was convicted in violation of his state and federal rights." Brief for appellant at 38.

A defendant seeking relief under the Nebraska Postconviction Act must show that his or her conviction was obtained in violation of his or her constitutional rights. *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016). An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *Id*. When a district court denies postconviction relief without conducting an evidentiary hearing, an appellate court must determine whether the petitioner has alleged facts that would support a claim of ineffective assistance of counsel and, if so, whether the files and records affirmatively show that he or she is entitled to no relief. *Id*. If the petitioner has not alleged facts which would support a claim of ineffective assistance of counsel or if the files and records affirmatively show he or she is entitled to no relief, then no evidentiary hearing is necessary. *Id*.

In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case. *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. *Id.*

### (a) Aden's Testimony

The district court determined that the claim regarding newly discovered evidence (Aden's testimony) was procedurally barred because it had been presented in a motion for a new trial and because Buttercase challenged the denial of his motion for a new trial on direct appeal. On direct appeal, we affirmed the trial court's denial of the motion for a new trial based on Aden's new evidence, concluding that Aden's testimony was only beneficial to discredit the victim's testimony, that Aden's testimony did not necessarily contradict the evidence offered at trial and, as such, was merely cumulative, and that the victim's testimony was supported by ample physical evidence. See *State v. Buttercase*, No. A-12-1167 (memorandum opinion released November 5, 2013).

A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Boppre*, 280 Neb. 774, 790 N.W.2d 417 (2010). Buttercase raised the issue of Aden's testimony in his motion for new trial and on direct appeal. He may not use a motion for postconviction relief to seek further review on this claim. The district court correctly concluded that this claim is procedurally barred.

### (b) Motion to Suppress

Buttercase claimed his trial counsel was ineffective for failing to appeal the district court's denial of a pretrial motion to suppress. However, Buttercase filed more than one motion to suppress in previous proceedings, one on February 29, 2012, and another on July 18, 2012. He did not identify which of these two motions provide grounds for his ineffective assistance claim in his postconviction motion.

The district court correctly noted that the burden is on Buttercase to establish the basis for the requested relief. *State v. Golka, supra.* In failing to identify which motion to suppress his trial counsel should have appealed, Buttercase failed to establish the basis for relief. Additionally, Buttercase failed to allege prejudice from his trial counsel's decision not to appeal either of the motions to suppress. We agree with the trial court that "[t]he Defendant fails to identify which motion is the target of his claim, and the Court is not required to guess."

Furthermore, the trial court noted that both motions to suppress were connected to Counts II, III, and IV of the amended information and that these charges, related to child pornography, were eventually severed from the charges for which Buttercase was eventually convicted in this case. The State dismissed Counts II, III, and IV, and therefore, the motions to suppress had no connection to Buttercase's ultimate convictions in the present case. Thus, the trial court correctly concluded that the ineffective assistance claim connected with the motions to suppress was refuted by the record and insufficiently pleaded to require an evidentiary hearing.

### (c) *Franks* Hearing

Buttercase next claimed that "[p]rior to the trial the Defendant filed a motion requesting a *Franks* hearing. The motion was ultimately overruled, and Defendant's trial counsel failed to raise the court's ruling on the motion on appeal." See *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L.Ed.2d 667 (1978) (when a defendant makes a substantial preliminary showing that a false

statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in a search warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request). The district court denied the ineffective assistance claim connected with this argument, concluding that Buttercase failed to make a specific pleading of prejudice.

Like the motions to suppress, the *Franks* hearing was in connection with Counts II, III, and IV of the amended information, and these charges were severed from the charges for which Buttercase was eventually convicted in this case. Because the charges were ultimately severed and dismissed, the evidence gathered from the search warrants in question during the *Franks* hearing is not part of the trial record in this case. Therefore, the district court noted that "there was no logical reason" to raise the alleged error on appeal. We agree.

### (d) Late Disclosure of Evidence

Buttercase alleged that certain evidence was not disclosed to him during the discovery process before his trial, and this failure prejudiced his:

> ability to have a fair trial and effective assistance of counsel. The State of Nebraska had an ongoing duty to supplement discovery and to disclose evidence to Defendant's Counsel and Defendant, and Defendant's counsel had a duty to properly investigate the case and present the exhibits to the Defendant for his review.

However, Buttercase did not describe the evidence at issue in his motion for postconviction relief, nor did he indicate whether the evidence was documentary or testimony. The district court found that this claim was conclusory and not pleaded in enough detail to warrant an evidentiary hearing. See *State v. Marks*, 286 Neb. 166, 835 N.W.2d 656 (2013). We agree.

A petitioner's postconviction claims that his or her trial counsel was ineffective in failing to investigate possible defenses are too speculative to warrant relief if the petitioner fails to allege what exculpatory evidence that the investigation would have procured and how it would have affected the outcome of the case. *State v. Sellers*, 290 Neb. 18, 858 N.W.2d 577 (2015). Buttercase did not describe how the alleged late disclosure of unidentified evidence created or caused ineffective assistance by his trial counsel. His claim is too speculative to warrant an evidentiary hearing.

### (e) Failure to Object to Photographs

Buttercase alleged that "the state presented photographs as exhibits and Defendant's Counsel failed to object based on failure to disclose pursuant to the discovery Order of the Court." Buttercase did not identify or describe the photographs, describe the objection he believes trial counsel should have made, or how an objection would have affected his case. The district court found that the claim was conclusory and not pleaded in enough detail to warrant an evidentiary hearing. See *State v. Marks, supra*. We agree.

Buttercase's motion for postconviction relief, specifically paragraph 8 regarding photographs, does not contain allegations specific enough to warrant an evidentiary hearing. Buttercase does not identify the photographs in question, nor does he identify how or why his

counsel should have objected to their introduction. The burden is on a defendant to establish the basis for the requested relief. *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011). Without identifying the subject of his allegations, e.g. specific photographs, Buttercase cannot show how his counsel's performance was deficient or that any defective performance prejudiced his defense. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

### (f) Dr. Jurich's Testimony

Buttercase alleged that his trial counsel was ineffective for failing to object to Dr. Jurich's testimony and her credentials as an expert witness. The district court concluded that this allegation was insufficiently pleaded and refuted by the record.

The record shows that Buttercase's trial counsel objected to Dr. Jurich's testimony. Specifically, when asked if there were any objections, Buttercase's trial counsel responded: "My objections are to relevance and 403 [probative value substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence]." Buttercase did not identify what additional objection trial counsel should have made to Dr. Jurich's testimony or grounds on which trial counsel should have objected to Dr. Jurich's credentials. He thus failed to establish the basis for the requested relief. *State v. Golka, supra*. Without this information, Buttercase cannot show how his counsel's performance was deficient or that any defective performance prejudiced his defense. See *Strickland v. Washington, supra*.

### (g) Medical Expert

Buttercase asserted his trial counsel was deficient for failing to call a medical expert who had been hired to review photographs of the victim's injuries and police reports. He alleged that this unnamed medical expert's opinion would contradict the victim's testimony. Buttercase did not identify the witness or the proposed testimony he referred to in this argument.

A postconviction allegation that defense counsel was ineffective in failing to procure witnesses favorable to the defendant is dismissed without an evidentiary hearing when the motion does not specifically identify the witnesses or the nature of their testimony. *State v. McGhee*, 280 Neb. 558, 787 N.W.2d 700 (2010). In the absence of specific allegations in this regard, a trial court need not conduct a discovery hearing to determine if anywhere in this wide world there is some evidence favorable to defendant's position. *Id.* The district court properly denied postconviction relief on this ground.

### (h) Change of Venue

Buttercase argued his trial counsel was ineffective for failing to file a motion for change of venue. Buttercase claims that such a motion would have resulted in an impartial jury. The district court concluded that Buttercase failed to allege any facts suggesting the jury was not impartial. Finally, the district court noted that Buttercase failed to sufficiently allege he was prejudiced by trial counsel's failure to request a change of venue.

Juror exposure to information about a state defendant's prior convictions or to news accounts of the crime with which he is charged does not alone presumptively deprive the defendant

of due process. *State v. Galindo*, 278 Neb. 599, 774 N.W.2d 190 (2009). A court will normally not presume unconstitutional partiality because of media coverage, unless the record shows a barrage of inflammatory publicity immediately prior to trial amounting to a huge wave of public passion or resulting in a trial atmosphere utterly corrupted by press coverage. *Id.* The quantum of news coverage is not dispositive. *Id.* Even the community's extensive knowledge about the crime or the defendant through pretrial publicity is insufficient in itself to render a trial constitutionally unfair when the media coverage consists of merely factual accounts that do not reflect animus or hostility toward the defendant. *Id.*

Buttercase provided no evidence of inflammatory news coverage so egregious that it corrupted the trial atmosphere. In fact, he provided no evidence of bias outside his own assertions. The district court did not err in denying postconviction relief on this ground.

We have reviewed each allegation in Buttercase's motion for postconviction relief and conclude there are no factual allegations which, if proved, constitute an infringement on his rights under the constitutions of Nebraska and the United States. The records and files in the case affirmatively show that Buttercase is entitled to no relief.

## VI. CONCLUSION

For the reasons stated above, we affirm the district court's denial of Buttercase's motions to recuse, to amend, and for postconviction relief without an evidentiary hearing.

AFFIRMED.